UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X  For Online Publication Only
GAILANN BROWN,

**ORDER**
                        Plaintiff,        17-CV-6421 (JMA) (AYS)

     -against-                               **FILED**
                                                        **CLERK**

JOBEN ENTERPRISES, INC.,                4/30/2019 4:58 pm

                                              **U.S. DISTRICT COURT**
                       Defendant.   **EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------------------------X  **LONG ISLAND OFFICE**

**AZRACK, United States District Judge:**

      Before the Court is plaintiff's motion for default judgment against defendant Joben Enterprises, Inc. to recover $9,582.50 in statutory damages, plus attorneys' costs and fees.[1] For the reasons stated herein, plaintiff's motion is GRANTED and plaintiff is awarded a default judgment against the defendant in the amount of $6,320.00.

## I. DISCUSSION

**A. Defendant Defaulted**

      The defendant was properly served in the action, but has not answered, appeared in this action, responded to the instant motion for default judgment, or otherwise defended this action.

**B. Liability**

      When a defendant defaults, the Court is required to accept all the factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. Finkel v. Romanowicz, 577 F.3d 79, 84 (2d Cir. 2009). However, the Court also must determine whether

---

[1] The Conclusion section of plaintiff's motion indicates that he seeks a default judgment for $10,337.50. (ECF No. 11-1 at 10). However, his Notice of Motion requests a total award of $9,582.50. (ECF No. 11 at 2.) Adding the requested statutory damages ($1,000.00), attorneys' fees ($4,882.50 + $2,362.50), and costs ($495.00) together indicates the latter is correct. The Court thus presumes the reference to $10,337.50 is a typographical error.

the allegations in the complaint establish the defendant's liability as a matter of law. Id. Here, the allegations in the complaint are sufficient to establish defendant's liability under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*, ("FDCPA").

## C. **Damages**

"'[W]hile a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages.'" Bricklayers & Allied Craftworkers Local 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Const., LLC, 779 F.3d 182, 189 (2d Cir. 2015) (quoting Cement & Concrete Workers Dist. Council Welfare Fund v. Metro Found. Contractors, Inc., 699 F.3d 230, 234 (2d Cir. 2012)). The Court must conduct an inquiry to "ascertain the amount of damages with reasonable certainty." Credit Lyonnais Sec., Inc. v. Alcantara, 183 F.3d 151, 155 (2d Cir. 1999) (citing Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., 109 F.3d 105, 111 (2d Cir. 1997)).

Plaintiff requests statutory damages in the amount of $1,000, which is the maximum amount a court may award for a single violation of the FDCPA. See 15 U.S.C. § 1692k(a)(2)(A). "Awarding the statutory maximum under the FDCPA is appropriate in cases where the acts of the debt collector were particularly egregious." Gonzalez v. Healthcare Recovery Mgmt. Inc., No. 13-CV-1002, 2013 WL 4851709, at *2 (E.D.N.Y. Sept. 10, 2013) (quoting Dunn v. Advanced Credit Recovery Inc., No. 11–CV–4023, 2012 WL 676350, at *3 (S.D.N.Y. Mar. 1, 2012)). "However, a lesser award is 'appropriate where there is no repeated pattern of intentional abuse or where the violation was technical.'" Id. (citation omitted).

Here, the alleged conduct is not sufficiently egregious to warrant statutory damages in the amount of $1,000. See, e.g., Gonzalez, 2013 WL 4851709, at *3. Accordingly, I award plaintiff $500 in statutory damages.

### D. **Attorneys' Fees and Costs**

In his motion, plaintiff requests attorneys' fees in the amount of $8,087.50 and court fees in the amount of $495.00. (See Sanders Decl. at 7, ECF No. 11-2.) The FDCPA gives the Court discretion to award reasonable attorneys' fees as well as court costs. See 15 U.S.C. § 1692k(a)(3); Cordero v. Collection Co., No. 10-CV-5960, 2012 WL 1118210, at *3 (E.D.N.Y. Apr. 3, 2012). A plaintiff seeking to recover attorneys' fees "bears the burden of proving the reasonableness and necessity of hours spent and rates charged." Bennett v. Asset Recovery Sols., LLC, No. 14-CV-4433, 2017 WL 432892, at *6 (E.D.N.Y. Jan. 5, 2017) (report and recommendation), adopted by, No. 14-CV-4433, 2017 WL 421920 (E.D.N.Y. Jan. 31, 2017). In support of a request for attorneys' fees, the party seeking fees must provide "contemporaneous time records reflecting, for each attorney and legal assistant, the date, the hours expended, and the nature of the work done." Sheet Metal Workers' Nat. Pension Fund v. Skye Sheet Metal, Inc., No. CV-08-1315, 2010 WL 3119783, at *9 (E.D.N.Y. June 22, 2010) (report and recommendation) (citation omitted), adopted by, No. 08-CV-1315, 2010 WL 3119441 (E.D.N.Y. Aug. 5, 2010).

Here, plaintiff requests attorneys' fees of $8,277.50, which represents the efforts of three attorneys: Craig B. Sanders and David M. Barshay, who billed a total of 15.1 hours, each at a rate of $525 per hour; and an associate named Erica Carvajal, who billed 0.4 hours at a rate of $400. "Courts in the Eastern District of New York award hourly rates ranging from $200 to $450 per hour for partners, $100 to $300 per hour for associates, and $70 to $100 per hour for paralegals." Dagostino v. Computer Credit, Inc., 238 F. Supp. 3d 404, 412 (E.D.N.Y. 2017) (quoting D'Annunzio v. Ayken, Inc., No. 11-CV-3303, 2015 WL 5308094, at *4 (E.D.N.Y. Sept. 10, 2015). Both Mr. Sanders and Mr. Barshay are established lawyers with experience with the FDCPA. However, the Court concludes that $525 is an unreasonable hourly rate for a case such as this one. Instead, the Court finds that an hourly rate of $350 for both Mr. Sanders and Mr. Barshay is

3

appropriate, as this case "did not present any novel or difficult questions of law and did not require a high level of skill."  Dagostino, 238 F. Supp. 3d at 412 (concluding that $350 per hour is a reasonable hourly rate for Mr. Sanders and Mr. Barshay in an FDCPA case).  Moreover, as plaintiff failed to identify Ms. Carvajal's FDCPA experience or seniority, an award of $100 per hour for the 0.4 hours of work she completed is appropriate.

Having reviewed plaintiff's bill for costs associated with this litigation as well as the Sanders Declaration, the Court determines these to be reasonable out-of-pocket expenses.  See LeBlanc-Sternberg v. Fletcher, 143 F.3d 748, 763 (2d Cir. 1998) ("[A]ttorney's fees awards include those reasonable out-of-pocket expenses incurred by attorneys and ordinarily charged to their clients.") (citation omitted).

Accordingly, plaintiff is awarded attorneys' fees for 15.1 hours of work at a rate of $350.00, for Mr. Sanders and Mr. Barshay, and 0.4 hours of work at a rate of $100 for Ms. Carvajal, for a total of $5,325.00.  Additionally, plaintiff is awarded $495.00 in reasonable out-of-pocket expenses.

## II.  CONCLUSION

The Clerk of the Court is respectfully directed to enter judgment against the defendant as follows:  Defendant Joben Enterprises, Inc. is liable to plaintiff Gailann Brown for $500.00 in statutory damages and $5,820.00 in attorneys' fees and costs, for a total award of $6,320.00.

The Clerk of Court is directed to close this case.

**SO ORDERED.**

Dated: April 30, 2019  
Central Islip, New York

                                                                                  /s/ (JMA)  
                                                                                JOAN M. AZRACK  
                                                                                UNITED STATES DISTRICT JUDGE